BANKRUPTCY RECOVERY GROUP, LLC
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Pro Hac Vice Pending*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 702-483-6126
*Attorneys for Troy S. Fox, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>In re METAL PARTNERS REBAR, LLC,<br>☒ Affects this Debtor. | BK-20-12878-abl<br>Chapter 7 (Lead Case)<br>(Jointly Administered) |
| In re BGD LV HOLDINGS, LLC,<br>☐ Affects this Debtor. | BK-20-12876-abl<br>Chapter 7 |
| In re BRG HOLDINGS, LLC,<br>☐ Affects this Debtor. | BK-20-12879-abl<br>Chapter 7 |
| In re BCG OWNCO, LLC,<br>☐ Affects this Debtor. | BK-20-12880-abl<br>Chapter 7 |
| TROY S. FOX, CHAPTER 7 TRUSTEE,<br><br>    Plaintiff,<br>v.<br><br>WATERFRONT ENTERPRISES LLC D/B/A GATEWAY TERMINAL,<br><br>    Defendant. | Adv. Pro. No. |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Troy S. Fox, as Chapter 7 Trustee ("Plaintiff"), files this Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 544, 547, 548 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 ("Complaint"), and alleges as follows:

## Jurisdiction and Venue

1. On June 16, 2020, *Metal Partners Rebar, LLC* ("Metal Partners") (Case No. 20-12878-abl); *BGD LV Holdings, LLC* (Case No. 20-12876-abl); *BRG Holding, LLC* (Case No. 20-12879-abl) and *BCG Ownco, LLC* (Case No. 20-12880-abl) (referred to together, respectively, as the "Debtors" and the "Cases") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada ("Bankruptcy Court").[1] On April 1, 2022, the Court entered an Order Granting Debtors' Motion to Convert Chapter 11 Cases to Chapter 7 Pursuant to 11 U.S.C. §1112, thereby converting the Cases to Chapter 7.

2. This adversary proceeding arises out of and relates to the Cases and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), as it involves the avoidance and recovery of certain transfers pursuant to 11 U.S.C. §§ 544, 547, 548 and 550.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## Parties

5. Plaintiff is the trustee of Debtors' jointly administered Chapter 7 cases and has the right and power to prosecute Debtors' Chapter 5 claims.

6. Waterfront Enterprises, LLC d/b/a Gateway Terminal ("Defendant") is a pre-

---

[1] On June 19, 2020, the Bankruptcy Court entered an Order Directing Joint Administration of Chapter 11 Cases, thereby authorizing the joint administration of the Cases. *In re Metal Partners Rebar, LLC,* Case No. 20-12878-abl, serves as the lead case.

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119

petition creditor of Metal Partners.

7.     Defendant may be served with a copy of the summons and Complaint, pursuant to Fed. R. Bankr. P. 7004, though its registered agent, Corporation Service Company, at Goodwin Square 225 Asylum Street, 20th Floor Hartford, CT 06103.

**Transfers**

8.     On information and belief, Defendant provided goods and/or services to Metal Partners.

9.     During the 90 days before the Petition Date, Metal Partners made certain transfers of its interest in property to Defendant ("Preferential Transfers") in satisfaction of obligations owed to Defendant prior to the date of the Preferential Transfers.

10.    The Preferential Transfers total no less than $16,553.75 and include, but are not limited to, the payments identified in Exhibit "A," which is attached hereto and incorporated herein by reference, each of which was made from one or more of Metal Partners' bank accounts ("Identified Transfers" and, together with the Preferential Transfers, the "Transfers").

**Demand and Due Diligence**

11.    Plaintiff sent a letter to Defendant demanding that it return the Identified Transfers or provide information substantiating any defenses it might have.

12.    To date, Defendant has failed to return the Identified Transfers or provide evidence establishing a complete defense under 11 U.S.C. § 547(c).

13.    Before filing this Complaint, and after considering Debtors' records, the dockets in the Cases and any information provided by Defendant, Plaintiff evaluated potential defenses under 11 U.S.C. § 547(c).

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119

## COUNT I

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

14. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 13 of the Complaint as if the same were fully repeated herein.

15. The Transfers were of an interest in property of Metal Partners.

16. The Transfers were made to or for the benefit of Defendant.

17. The Transfers were made on account of antecedent debts owed by Metal Partners to Defendant before the Transfers were made.

18. The Transfers were made while Metal Partners was insolvent, such insolvency being presumed pursuant to 11 U.S.C. § 547(f).

19. The Transfers were made within ninety days before the Petition Date.

20. The Cases are currently administratively insolvent. As a result, unsecured creditors will not receive full payment on their claims. Accordingly, the Transfers enabled Defendant to receive more than it would receive (i) in Metal Partners Chapter 7 case, (ii) had the Transfers had not been made, and (iii) if Defendant received payment of its claim to the extent allowed by the Bankruptcy Code.

21. Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

**(Avoidance of Fraudulent Transfers – 11 U.S.C. §§ 544 and/or 548)**

22. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 21 of the Complaint as if the same were fully repeated herein.

23. In the alternative, and subject to proof, to the extent one or more of the Transfers were made in satisfaction of obligations owed to Defendant by third-parties, Metal Partners did

not receive reasonably equivalent value in exchange for such transfer(s) ("Potentially Fraudulent Transfers") and made such transfers while Metal Partners was insolvent.[2]

24. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 544 and/or 548.

### COUNT III

**(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)**

25. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 24 of the Complaint as if the same were fully repeated herein.

26. Defendant was the initial transferee of the Transfers and Potentially Fraudulent Transfers (together, the "Avoided Transfers").

27. Defendant was the entity for whose benefit the Avoided Transfers were made.

28. Based upon the foregoing, Plaintiff is entitled to recover the Avoided Transfers or their value from Defendant pursuant to 11 U.S.C. § 550(a).

### COUNT IV

**(Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))**

29. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 28 of the Complaint as if the same were fully repeated herein.

30. Defendant is the transferee of the Avoided Transfers.

31. Defendant has not returned the Avoided Transfers to Plaintiff.

---

[2] To the extent that discovery or other exchanges of information reveal that Metal Partners made fraudulent transfers to Defendant during the applicable statute of limitations, Plaintiff intends to amend this Complaint to include any such transfers made during the applicable statute of limitations but not during the ninety-days before the Petition Date and hereby incorporates any such transfers into the definition of Potentially Fraudulent Transfers.

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119

32. Based upon the foregoing, and pursuant to 11 U.S.C. § 502(d) and/or (j), Defendant's claims in this case, if any, must be disallowed until Defendant returns to Plaintiff the Avoided Transfers, plus any interest, costs and fees permitted by law.

## COUNT V

### (Turnover of Overpayment Pursuant to 11 U.S.C. § 542)

33. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 32 of the Complaint as if the same were fully repeated herein.

34. On or about April 29, 2020, Metal Partners issued check 36929 to Defendant in the amount of $1,972.61, which exceeded any amounts owing to Defendant ("Overpayment").

35. Defendant subsequently applied invoice 102570 against the Overpayment, leaving Metal Partners with a credit of $1,806.88.

36. The Overpayment is property of the estate and must be returned pursuant to 11 U.S.C. § 542.

### Reservation of Rights

37. This Complaint is intended to seek recovery of all transfers avoidable under Chapter 5 of Title 11 not specifically identified in the Complaint, including, without limitation, any payments received during the applicable preference period or applicable fraudulent transfer limitation period. Plaintiff reserves the right to amend this Complaint if additional avoidable transfers are revealed during discovery, including, but not limited to, any claims arising under Chapter 5 of Title 11 of the United States Code.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a.  Find that the Transfers are avoidable pursuant to 11 U.S.C. § 547(b);

b.  Find that the Potentially Fraudulent Transfers are avoidable under 11 U.S.C. §§ 544 and/or 548;

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119

6

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119

c. Find that the Overpayment must be returned pursuant to 11 U.S.C. § 542;

d. Find that Plaintiff is entitled to recover the Avoided Transfers or their value pursuant to 11 U.S.C. § 550 and enter judgment against the Defendant and in favor of Plaintiff in an amount equal to the Avoided Transfers, plus all interest, costs and attorneys' fees as may be allowed by law;

e. Disallow any claim filed by Defendant pursuant to 11 U.S.C. §§ 502(d) and/or (j) until Defendant returns any Avoided Transfers; and

f. Grant any further relief that the Court deems necessary and proper.

Dated this 31st day of March, 2023.

BANKRUPTCY RECOVERY GROUP, LLC


By: /s/ Talitha Gray Kozlowski
TALITHA GRAY KOZLOWSKI, ESQ.
GARRETT NYE, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Attorneys for Troy S. Fox, Chapter 7 Trustee

# EXHIBIT A

## Metal Partners Rebar LLC

### Payments made to WATERFRONT ENTERPRISES LLC D/B/A GATEWAY TERMINAL

| Payment Date | Check Number | Payment Amount |
|---|---|---|
| 04/03/2020 | WIRE | $16,553.75 |

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119